SCHWARTZ v. MORRIS & CO.

(Supreme Court, Appellate Term. December 16, 1908.)

1. SALES (§ 418*)—BREACH OF CONTRACT—MEASURE OF DAMAGES.

That a buyer tried to buy particular goods sold and not delivered in the open market, but found that none could be had, took his measure of damages out of the general rule.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174, 1188, 1195; Dec. Dig. § 418.*]

2. TRIAL (§ 143*)—PROVINCE OF COURT AND JURY—CONFLICTING EVIDENCE.

The jury, and not the court, must determine an issue on which there is conflicting evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 342; Dec. Dig. § 143.*]

Appeal from City Court of New York, Trial Term.

Action by Benjamin M. Schwartz against Morris & Co. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Leon Laski, for appellant.
William F. Byrne, for respondent.

HENDRICK, J. The plaintiff established a prima facie case. His testimony that he tried to buy livers in the open market, and found that none could be had, took the measure of damages out of the general rule. It became a question then as to whether there was or was not a market for livers. On that point there was a conflict of testimony, and it was for the jury, and not for the court, to determine the fact. The trial court erred in dismissing the plaintiff's complaint at the end of the defendant's case, and the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes